**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON GREENBERG,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MOYER, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:24-CV-517 |

**ORDER**

Jason Greenberg, proceeding *pro se*, brings this civil-rights case arising from his arrest on August 24, 2023. ECF 62. Defendants—various law enforcement officers, Mercer County, and the Borough of Stoneboro—move to dismiss Mr. Greenberg's amended complaint or alternatively strike portions of Mr. Greenberg's complaint. ECF 71. After careful review, the Court grants in part and denies in part the motion to dismiss and denies the motion to strike.

Some background on this case is helpful. The Court previously granted Defendants' motion to dismiss. ECF 39. In doing so, the Court relied on the uncontradicted portions of the police report that Mr. Greenberg attached to his complaint, and took judicial notice of Mr. Greenberg's arrest warrant which led to the August 24, 2023, arrest, and Mr. Greenberg's subsequent conviction for disorderly conduct arising from his arrest on August 24. *See id.* at 2 n.1, 6 n.5. Mr. Greenberg no longer incorporates the police report to his complaint, so the Court doesn't rely on any factual bases from it in this ruling. The Court must accept the facts as true as Mr. Greenberg represents them. But the Court still takes judicial notice of Mr. Greenberg's arrest warrant and criminal conviction. *See, e.g.*, *Morgan v. Pennsylvania*, No. 4:23-CV-00872, 2023 WL 6461245, at *2 (M.D. Pa. Oct. 2, 2023) (taking judicial notice of arrest warrant); *Easterling v. Perez*, No. CV 16-4463 (JMV), 2017 WL 3610484, at *4 (D.N.J. Aug. 22, 2017) (taking judicial notice of criminal conviction).

**First**, the Court dismisses Mr. Greenberg's claim for an unreasonable seizure/false arrest at Count I. While this claim is labeled as a "unreasonable seizure/false arrest," as the allegations make clear, it's really an excessive-force claim. ECF 62, at 5 (invoking *Graham v. Connor* and claiming that the force used was excessive). So the Court dismisses it as being duplicative of Count II.

**Second**, to the extent that Mr. Greenberg alleges *Monell* liability, the Court dismisses that claim. Mr. Greenberg merely mentions *Monell* liability without offering any factual basis to specifically support this claim. Because there is no plausible inference that *Monell* liability is appropriate here, the Court dismisses Count VI. *See* ECF 39 at 15–16.

**Third**, the Court dismisses all forms of injunctive relief sought. Mr. Greenberg hasn't plausibly alleged that he is now suffering from constitutional injuries or would be likely to suffer similar constitutional injuries in the future such that the requested injunctive relief would provide an appropriate remedy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

**Fourth**, the rest of Mr. Greenberg's claims survive (Counts II, III, and IV). The touchstone of these claims will be the reasonableness of Defendants' actions, which will take some factual development. Mr. Greenberg has plausibly alleged that his actions on August 24, 2023, did not warrant a PIT maneuver, an aggressive K-9, guns drawn, or an extensive car search. Discovery will bear this out. *See Daniels v. City of Philadelphia*, No. CV 16-4270, 2017 WL 25382, at *5 (E.D. Pa. Jan. 3, 2017).[1]

**Fifth**, the Court denies Defendants' motion to strike. Motions to strike are disfavored, and none of the information that Defendants ask the Court to strike improperly prejudices Defendants. *See Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016).

**IT IS HEREBY ORDERED** Defendants' motion to dismiss (ECF 71) is granted in part and denied in part. Mr. Greenberg's claims at Counts II, III, and IV

[1] There is one caveat. In Count II, Mr. Greenberg names his daughter as an additional plaintiff. A *pro se* plaintiff cannot represent another person, so his daughter's claim must be dismissed. ECF 39 at 8 n.7.

against Defendants David Moyer, Charles Turick, Thomas Mack, Greg Miller, and Robert Lanshcak survive. Dismissal of the remaining claims and parties as detailed above is **with prejudice.** The Court finds that further amendment would be futile and inequitable because of the legal deficiencies present and given the multiple attempts that Mr. Greenberg has had at curing these deficiencies. *See Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660, 679 (E.D. Pa. 2017), *aff'd*, 756 F. App'x 165 (3d Cir. 2018) (finding futility in similar circumstances). Finally, Defendants' motion to strike is denied.

Dated: August 14, 2026

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Jason Greenberg
2960 Sandy Lake Grove City Road
Stoneboro, PA 16153